UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TONYA MAXEY, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:14-cv-1010-WTL-TAB |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
|    Defendant. | |

**ENTRY ON JUDICIAL REVIEW**

Plaintiff Tonya Maxey requests judicial review of the final decision of Defendant Carolyn W. Colvin, Commissioner of the Social Security Administration ("Commissioner"), denying Ms. Maxey's application for Disability Insurance Benefits ("DIB") and Supplemental Security Insurance Benefits ("SSI") under Titles II and XVI of the Social Security Act ("the Act"). The Court, having reviewed the record and the briefs of the parties, now rules as follows.

**I.    PROCEDURAL HISTORY**

Ms. Maxey protectively filed for DIB and SSI on April 7, 2008, alleging she became disabled on June 7, 2007. Ms. Maxey's application was denied initially on July 7, 2008, and again upon reconsideration on September 30, 2008. Following the denial upon reconsideration, Ms. Maxey requested and received a hearing in front of an Administrative Law Judge ("ALJ"). A hearing, during which Ms. Maxey was represented by counsel, was held before ALJ James R. Norris on June 14, 2010. The ALJ issued his decision on October 29, 2010, denying Ms.

Maxey's claim. Ms. Maxey requested review by the Appeals Council, and the Appeals Council vacated and remanded the decision on February 8, 2012.[1]

As a result, a second hearing was held before ALJ Norris on December 4, 2012, during which Ms. Maxey was again represented by counsel. ALJ Norris issued his decision on February 5, 2013, denying Ms. Maxey's claim. Ms. Maxey again requested review by the Appeals Council, which denied her request on April 15, 2014. After the Appeals Council denied review of the ALJ's decision, Ms. Maxey filed this timely appeal.

## II.     APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity, he is not disabled, despite his medical condition and other factors. 20 C.F.R. § 416.920(a)(4)(i).[2] At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits

---

[1] The Appeals Council found that ALJ Norris failed to adequately consider the consultative examiner's evaluation, the state agency physician's assessment, and Ms. Maxey's subjective complaints. *See* R. at 135-36.

[2] The Code of Federal Regulations contains separate sections relating to DIB and SSI that are identical in all respects relevant to this case. For the sake of simplicity, this Entry contains citations to SSI sections only, with the exception of DIB section cites where they provide information beyond that found in the SSI sections.

his ability to perform basic work activities), he is not disabled. § 416.920(a)(4)(ii). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. § 416.920(a)(4)(iii). At step four, if the claimant is able to perform his past relevant work, he is not disabled. § 416.920(a)(4)(iv). At step five, if the claimant can perform any other work in the national economy, he is not disabled. § 416.920(a)(4)(v).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id*., and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). The ALJ is required to articulate only a minimal, but legitimate, justification for his acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into [his] reasoning . . . [and] build an accurate and logical bridge from the evidence to [his] conclusion." *Dixon*, 270 F.3d at 1176.

### III. THE ALJ'S DECISION

The ALJ determined at step one that Ms. Maxey had not engaged in substantial gainful activity since June 7, 2007, the alleged onset date. R. at 20. At steps two and three, the ALJ

concluded that Ms. Maxey had the severe impairment of "disorder of the spine," *id.*, but that her impairment did not meet or medically equal a listed impairment. R. at 21. At step four, the ALJ determined that Ms. Maxey had the residual functional capacity ("RFC") to perform "light work as defined in 20 CFR 404.1567(b) and 416.967(b) except standing is limited to 6 hours per 8-hour workday, with no climbing of ladders, ropes, or scaffolds," *id.*, and that such work included her "past relevant work as a maid." R. at 27. Accordingly, the ALJ concluded that Ms. Maxey was not disabled as defined by the Act.

## IV. EVIDENCE OF RECORD

With a few notable exceptions, the medical evidence of record is aptly set forth in Ms. Maxey's brief (Dkt. No. 20) and need not be recited here. Specific facts are set forth in the discussion section below where relevant or otherwise not included in Ms. Maxey's brief.

## V. DISCUSSION

In her brief in support of her Complaint, Ms. Maxey argues that the ALJ (1) did not conduct a proper credibility analysis; (2) did not base his decision on substantial evidence because he improperly discounted the opinion of her treating specialist and a consultative physical examiner; and (3) by failing to consider Ms. Maxey's headaches, erred at Step Five because he gave an incomplete hypothetical to the Vocational Expert ("VE") at the hearing.

### A. Credibility

Ms. Maxey contends that the ALJ "discounted [her] physical allegations without offering a reasonable, supported basis." Pl.'s Br. 21. An ALJ's credibility assessment "is afforded special deference because the ALJ is in the best position to see and hear the witness and determine credibility." *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir.2000) (citing *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000)). As a result, reversal of the ALJ's decision on the basis

of credibility is appropriate only if the credibility determination is so lacking in explanation or support that it is "patently wrong." *Elder v. Astrue*, 529 F.3d 408, 413-14 (7th Cir. 2008). However, "the ALJ may not discredit a claimant's testimony about his pain and limitations solely because there is no objective medical evidence supporting it." *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009). (citations omitted). Instead, he may consider the lack of support as probative of the claimant's credibility. *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000); SSR 96–7p. In making a credibility determination, the ALJ "is not required to provide a 'complete written evaluation of every piece of testimony and evidence.'" *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004) (citing *Diaz*, 55 F.3d at 308). SSR 96–7p, however, requires him to consider the entire case record and articulate specific reasons to support his credibility finding. *Golembiewski v. Barnhart*, 322 F.3d 912, 915 (7th Cir. 2003). In analyzing the ALJ's opinion for such error, it is viewed with a "commonsensical reading rather than nitpicking at it." *Castile v. Astrue*, 617 F.3d 923, 929 (7th Cir. 2010) (affirming Commissioner's denial of benefits); *see, e.g.*, *Eichstadt v. Astrue*, 534 F.3d 663, 665-66 (7th Cir. 2008) ("[W]e will uphold a decision so long as the evidence supports it and the ALJ explains her analysis of that evidence with enough detail and clarity to permit meaningful appellate review.") (internal quotation omitted).

Ms. Maxey asserts that the ALJ found her to be "not entirely credible because her 'treatment has been essentially routine and conservative in nature.'" Pl.'s Br. 21. Contrary to her assertion, however, the ALJ found Ms. Maxey lacking in credibility for many reasons. He considered Ms. Maxey's testimony and the medical evidence in the record, as required under 20 C.F.R. § 404.1545(3) and provided specific reasons for his credibility finding. The ALJ summarized Ms. Maxey's testimony, specifically her evaluation of her pain and the limitations

she claimed resulted from her impairments. *See* R. at 23. He then discussed the medical evidence in the record, *id.* at 23-27, and concluded as follows:

> [T]he claimant's medically determinable impairments could possibly be expected to cause the alleged symptoms. However, her statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible . . . . Specifically, the subjective complaints are given reduced weight in the evaluation of her residual functional capacity because they are not reasonably consistent with the overall evidence of record, the standard used to determine the weight to be given to such allegations.

*Id.* at 23. While the ALJ's opinion is not a model of clarity, he provided sufficient detail to allow a meaningful review of his determinations. *See Curvin v. Colvin*, 778 F.3d 645, 650 (7th Cir. 2015) (finding that the ALJ "sufficiently met his 'duty to articulate'" his determination in one step in the analysis where he discussed the claimant's impairments, credibility, and the objective medical evidence in a different step in his analysis: "We do not discount [the information] simply because it appears elsewhere in the decision."). *See also Rice v. Barnhart*, 384 F.3d 363, 370 n. 5 (7th Cir. 2004) ("It is proper to read the AJL's decision as a whole"). The ALJ's conclusions are supported by evidence in the record indicating that Ms. Maxey had at various times full range of motion in all extremities; a cervical spine, gait, and station that were within normal limits; no assistance ambulating; and 4/5 strength in her upper and lower extremities. *Id.* at 24-25. Her medical history further indicates that she voluntarily discontinued physical therapy, and the ALJ noted that, Ms. Maxey "stated that she had debilitating levels of pain, yet typically presented to examinations in no acute distress." R. at 25. He discussed various medical examinations in which Ms. Maxey described symptoms out of sync with the medical evidence. As one example, the ALJ refers to Ms. Maxey's February 2, 2010, visit with Dr. Tiwari in which she claimed weakness in her legs yet "maintained a gait and station that [were] within normal limits." R. at 24 (citing R. at 569). In making his credibility determination, the

6

ALJ also noted that Ms. Maxey "portrayed no evidence of debilitating pain while testifying at the hearing." R. at 25.[3] He also relied on Ms. Maxey's response to a clinical pain questionnaire where she indicated that she has had her current pain for "over 30 years." [4] R. at 25 (citing R. at 580). He stated that "[t]he fact that the pain did not prevent work in the past strongly suggests that it would not prevent current work." R. at 25.

Ms. Maxey also claims that the ALJ erred by "wholly failing to consider the impact of financial limitations on her ability to obtain more aggressive treatment." Pl.'s Br. 22. As Ms. Maxey correctly notes, a claimant's financial position can provide insight into the claimant's credibility, but that information becomes important where it would explain why a claimant has failed to seek medical treatment. *See Craft v.* Astrue, 539 F.3d 668, 679 (7th Cir. 2008). Those facts, however, do not present themselves here. Instead, the ALJ did not consider Ms. Maxey's financial limitations on her ability to obtain more aggressive treatment because nothing in the record indicated that her impairments were severe enough to require more aggressive treatment. As the ALJ noted, the treatment Ms. Maxey received "has been essentially routine and conservative in nature and that "[t]here is no indication in the evidence of record that spinal surgery was required or recommended." R. at 25.

---

[3] The Court notes that Ms. Maxey argues that "the ALJ seemingly did not offer this rationale in his decision" and that the Commissioner first makes this argument. Pl's Reply 10. That, however, is not the case, as the text quoted by the Court shows.

[4] Ms. Maxey takes issue with the ALJ's statement that Ms. Maxey "reported that her current *level of* pain had been present for over 30 years," arguing that "the ALJ mischaracterized this evidence [by inserting the words 'level of' in her response] to find inconsistency where there was none." Pl.'s Reply 9 (emphasis in original). The Court finds the ALJ's interpretation of the form in question to be entirely reasonable, especially in light of the fact that the next question on the form asks, "How long have you had any trouble with your neck, back, or legs?," thereby differentiating between any symptoms and her current level of pain.

Given the ALJ's discussion of the record evidence and specific reasons for the weight he gave to Ms. Maxey's statements, the Court concludes that the ALJ adequately discussed his credibility determination and supported the same with specific reasons and evidence from the record. Accordingly, the Court finds that the ALJ did not err in his credibility determination.

### B. Treating Physician

Ms. Maxey argues that the ALJ's RFC assessment was flawed because he failed to give proper weight to the opinion of her treating physician, Dr. Kamal K. Tiwari. The Seventh Circuit describes what is commonly referred to as "the treating physician rule" as follows:

> A treating physician's opinion is entitled to controlling weight if it is supported by medical findings and consistent with substantial evidence in the record. If this opinion is well supported and there is no contradictory evidence, there is no basis on which the administrative judge, who is not a physician, could refuse to accept it. But once well-supported contradicting evidence is introduced, the treating physician's evidence is no longer entitled to controlling weight and becomes just one more piece of evidence for the ALJ to consider.

*Bates v. Colvin*, 736 F.3d 1093, 1099-100 (7th Cir. 2013) (internal quotation marks and citations omitted). The Seventh Circuit has held that "'[i]f an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion.'" *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011) (quoting *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009) (citing 20 C.F.R. § 404.1527(d)(2))). "An ALJ thus may discount a treating physician's medical opinion . . . as long as he minimally articulates his reasons for crediting or rejecting evidence of disability." *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007) (citing *Skarbek v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004)). The regulations further provide that

"[t]he better explanation a source provides for an opinion, the more weight we will give that opinion." 20 C.F.R. 404.1527(c)(3).

Dr. Tiwari was an anesthesiologist specializing in pain management. The ALJ gave Dr. Tiwari's opinion limited weight, noting the following:

> The doctor relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported. Yet, as explained elsewhere in this decision, there exist good reasons for questioning the reliability of the claimant's subjective complaints. The course of treatment pursued by the doctor has not been consistent with what one would expect if the claimant were truly disabled, as the doctor opined. The doctor's opinion is generally inconsistent with the objective and other evidence of record, which renders it less persuasive.

R. at 26.[5]

The Court disagrees with Ms. Maxey that the reasons the ALJ gave in assigning "little weight" to her treating physician's opinions are insufficient. *See Larson v. Astrue*, 615 F.3d 744, 749 (7th Cir. 2010) ("An ALJ who does not give controlling weight to the opinion of the claimant's treating physician must offer good reasons for declining to do so.") (internal quotation marks omitted). Instead, it finds that the ALJ provided adequate explanation for his decision not to give controlling weight to Dr. Tiwari's opinion. As previously discussed, the ALJ did not find Ms. Maxey to be totally credible. Consistent with that opinion, he did not credit Dr. Tiwari's opinion (or any other physician's opinion) to the extent that it relied primarily on Ms. Maxey's subjective complaints.

Additionally, the ALJ cites to evidence contradicting Dr. Tiwari's medical opinion. *See* Social Security Ruling ("SSR") 96-2p ("When the determination or decision is not fully

---

[5] The Court notes that the ALJ did not discount Dr. Tiwari's opinion in its entirety. Many of the restrictions Dr. Tiwari recommended are encompassed within the RFC applied by the ALJ.

favorable, . . . the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion supported by the evidence in the case record."). The ALJ gave specific examples of how Dr. Tiwari's medical opinion was insufficiently supported by the record as a whole, and he provided well-supported contradicting evidence related to Ms. Maxey's 2010 emergency room and doctors' visits and in the form of medical opinions from the state agency examiners, including two examining physicians, Drs. Stiner and Singh, and the medical expert, Dr. Manders. In all, the Court finds that the ALJ carefully considered Ms. Maxey's treating physician's opinion, assigned his opinion appropriate weight, and supported that determination with sound reasoning. The ALJ's decision not to accord controlling weight to Dr. Tawari's opinion was reasonable, and the ALJ sufficiently articulated the reasons for his decision.

## C.     Consultative Evaluator

Ms. Maxey also argues that the ALJ erred in discounting a portion of the opinion of the second consultative evaluator, Dr. Albert Singh. The ALJ assigned "great weight" to the portion of Dr. Singh's opinion that supported light duty work, but gave little weight to additional restrictions provided by Dr. Singh because he found those to be "primarily based upon the claimant's subjective allegations, which are not fully credible." R. at 27. In making his determination, the ALJ considered that Dr. Singh noted that Ms. Maxey's "efforts during the range of motion and strength testing was questionable" (i.e., that she was not giving full effort during the testing) and that she seemed to be exaggerating her symptoms. R. at 25. At the time of his examination, Dr. Singh clearly questioned Ms. Maxey's credibility himself. This evidence lends support to the ALJ's decision to give less weight to restrictions that were based on Ms. Maxey's subjective allegations. Given that "[a]n ALJ may properly reject a doctor's opinion if it

appears to be based on a claimant's exaggerated subjective allegations," it is certainly the case that the ALJ may reject a portion of a doctor's opinion in light of the doctor's own concerns regarding a patient's credibility. *Dixon*, 270 F.3d at 1178 (citing *Diaz v. Chater*, 55 F. 3d 300, 308 (7th Cir. 1995)). The Court finds that the ALJ's decision to discount Dr. Singh's opinion is substantially supported by the record evidence.

### D.   Step Five Determination

Ms. Maxey also argues that the ALJ erred at step five of his determination because he gave an incomplete hypothetical to the Vocational Expert ("VE") at the hearing.[6] However, the ALJ determined that Ms. Maxey was capable of performing past relevant work as a maid. R. at 27. The ALJ was not required to proceed to step five in the evaluation process. *See* 20 C.F.R. § 416.920(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step."). There is no error.

---

[6] Within her discussion regarding step five, Ms. Maxey also argues that the ALJ erred in his RFC determination by failing to account for her headaches. Pl.'s Br. 23. The Court disagrees and finds that the RFC assessment (and the hypothetical given to the VE) fully account for Ms. Maxey's limitations. The ALJ's opinion discussed Ms. Maxey's headaches, including her acknowledgment to Dr. Singh that "medication was somewhat helpful." R. at 25. Ms. Maxey's headaches were also discussed at the hearing, where her counsel characterized them as "annoying," not disabling: "Okay; and obviously, for the most part, the headache – I mean you're able to come here and testify, so it doesn't – . . . So they're annoying, but they're not something that you consider disabling by themselves, right?" R. at 100. Moreover, several of the doctors consider Ms. Maxey's headaches in developing their assessment of her limitations, and the ALJ points this out as well. *See* R. at 24-25. As a result, even if the ALJ had not discussed or considered her headaches, such error would be harmless. *See Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004) (finding harmless error where ALJ adopted limitations suggested by physicians who were aware of or discussed condition that claimant believed was not addressed by ALJ); *Prochaska v. Barnhart*, 454 F.3d 731, 737 (7th Cir. 2006) (same).

## VI. CONCLUSION

As set forth above, the ALJ in this case satisfied his obligation to articulate reasons for his decision, and the decision is supported by substantial evidence in the record. The decision of the Commissioner is therefore **AFFIRMED**.

SO ORDERED: 9/15/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication